UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
                                                    :

UNITED STATES OF AMERICA

                                                    :     CONSENT PRELIMINARY ORDER
           - v. -                                       OF FORFEITURE/
                                                    :     MONEY JUDGMENT

THEOPHILUS OLUMIDE OGUNKUNLE,
                                                    :     19 Cr. 406 (KPF)
           Defendant.

                                                    :
------------------------------------ x

        WHEREAS, on or about DATE, THEOPHILUS OLUMIDE OGUNKUNLE (the "Defendant"), was charged in an Information, 19 Cr. 406 (KPF) (the "Information"), with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count One); wire and bank fraud conspiracy, in violation of Title 18, United States Code, Section 1349 (Counts Two, Four, and Six); and aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A and 2 (Counts Three, Five, and Seven);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real or personal, involved in the commission of the offense charged in Count One of the Information, and any property traceable to such property;

        WHEREAS, the Information included a forfeiture allegation as to Counts Two, Four, and Six of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Two, Four, and Six of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds

traceable to the commission of the offenses charged in Counts Two, Four, and Six of the Information;

WHEREAS, on or about May 14, 2019, the Defendant pled guilty to Counts One through Seven of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation: (i) with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property involved in the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing all property involved in the offense charged in Count One of the Information; and (ii) with respect to Counts Two, Four, and Six of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts Two, Four, and Six of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Two, Four, and Six of the Information that the Defendant personally obtained;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $900,000 in United States currency, representing the property involved in the offense charged in Count One of the Information and the amount of proceeds traceable to the offenses charged in Counts Two, Four, and Six of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count One of the Information and the

proceeds traceable to the offenses charged in Counts Two, Four, and Six of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Jonathan E. Rebold, of counsel, and the Defendant and his counsel, John Emefieh, Esq., that:

1. As a result of the offenses charged in Counts One, Two, Four, and Six of the Information, to which the Defendant pled guilty, a money judgment in the amount of $900,000 in United States currency (the "Money Judgment"), representing the property involved in Count One of the Information and the amount of proceeds traceable to the offenses charged in Counts Two, Four, and Six of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant THEOPHILUS OLUMIDE OGUNKUNLE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.  The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____     5/2/25
JONATHAN E. REBOLD                        DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2512


THEOPHILUS OLUMIDE OGUNKUNLE

By: _____     5-2-25
THEOPHILUS OLUMIDE OGUNKUNLE              DATE

By: _____     5-2-25
BENJAMIN ZEMAN, ESQ.                      DATE
Attorney for Defendant
Zeman & Womble, LLP
20 Vesey Street, Suite 400
New York, NY 10007


SO ORDERED:

_____           5/2/2025
HONORABLE KATHERINE POLK FAILLA           DATE
UNITED STATES DISTRICT JUDGE